No. 63.—AMOS W. HAMMOND and JOSIAH G. JORDAN, plaintiffs. in error, *vs.* CASWELL BUYS, defendant in error.

A note given by way of renewing and continuing an *original contract* for a usurious loan, the mere change of securities would not purge it of the usury.

But if A, as the maker of a usurious note, is about to pay it up to B, the payee and holder, and·C, for the purpose of using the money for *his own benefit*, borrows A's note from B,.and gives B his (C's) own note with A, as his security—there being no usury in the transaction between B and C—the note of C, with A, security, thus substituted, would not be obnoxious to the statute of usury.

AMOS W. HAMMOND, for the plaintiffs in error.

J. S. PINCKARD, for the defendant in error.

This was an action upon two promissory notes—one for $672 and the other for $107 64—tried, on the appeal, in the Superior Court, in the county of Monroe, at March Term, 1846, before Judge Floyd. The plaintiffs in error, who were the defendants below, pleaded usury

as to both of said notes ; and an additional plea, of partial failure of consideration, as to the small note. The notes sued on, having been read in evidence in behalf of the defendant in error, who was the plaintiff below, he closed his case.

The facts proven by the plaintiffs in error, not having been set forth in the bill of exceptions, nor otherwise certified to this court in conformity with the rules of court, the charge of the court below was alone looked to, in the adjudication of the questions of error made in this case.

After argument of counsel, the judge of the court below charged the jury, that although there was usury in the original contract of loan from defendant in error to Russell and Jordan, and that the note endorsed by Chewning, having been given in renewal of that note, was likewise usurious ; yet, if the jury believed from the evidence that Jordan paid Hammond, either in property or money, to take up the note on Jordan and Russell, endorsed by Chewning, and that, in fulfillment of the contract between Jordan and Hammond, he, Hammond, gave to the defendant in error the notes sued on—there being no usury alleged in the transaction between Jordan and Hammond—they should find for the defendant in error : for the consideration of these notes was a distinct and independent contract ; and the fact that Jordan signed Hammond's notes, did not so connect that transaction with the original usurious contract of loan, from defendant in error to Jordan and Russell, as to contaminate these notes. The jury thereupon rendered a verdict for the whole amount of said notes, with interest and costs. To which charge of the court below, the plaintiffs in error excepted, and allege, in their assignment of errors, that the same was and is manifestly erroneous in law.

*By the Court*—WARNER, Judge.

As the facts in this case do not appear in the record, it is impossible for us to ascertain on what statement of facts the court below predicated its charge to the jury. If the note sued on was given by way of renewing and continuing the *original contract* for a usurious loan, then, the mere change of securities would not purge it of the usury.

But, if Jordan was about to pay up the note to the defendant in error ; and the plaintiff in error, for the purpose of using the money for *his own benefit*, went and borrowed it of the defendant, Buys, while in the hands of Jordan ; and made a *new contract* for the loan of it, for his benefit, which was not usurious, and gave his own note therefor, with Jordan as his security ; it would not, in our judgment, be obnoxious to the statute of usury. What was the true statement of facts, we are not informed by the record : therefore, let the judgment of the court below be affirmed.